UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7164-GHK (AJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | *Babak Nassirpour, et al. v. F.D.I.C. As Receiver For Indymac Bank, FSB., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: (1) Plaintiffs' Motion To Remand Case and (2) Defendant FDIC's Motion to Stay Case Pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii)

This matter is before the Court on Plaintiffs Babak Nassirpour and Hossain Sahlolbei's (collectively "Plaintiffs") Motion To Remand Case ("Remand Motion") and Defendant FDIC's ("FDIC") Motion to Stay Case Pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii) ("Stay Motion"). We have considered the papers filed in support of and opposition to both Motions and deem these matters appropriate for resolution without oral argument. L.R. 7–15. Accordingly, we rule as follows:

**I.   Remand Motion**

The FDIC has a statutory right, subject to a narrow exception, to remove to federal court any action in which it is a party. *See Bullion Servs. Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995) ("[W]e have held 'that the grant of subject matter jurisdiction contained in the FDIC's removal statute evidences Congress' desire that cases involving the FDIC should generally be heard and decided in federal courts.'")  The one narrow exception to FDIC jurisdiction is the so called "state law exception." *Id.*  Title 12 U.S.C. § 1819(b)(2)(D) provides that an action "(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff; (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States" and therefore, cannot be removed to federal court.

As is obvious from the plain meaning of the statute, the state-law exception is a three-part, conjunctive test. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir. 2005).  Here, Plaintiffs cannot meet their burden of showing that all three criteria are met. *Id.* (noting that the "burden" on proving the three criteria in § 1819(b)(2)(D) shifts to the party objecting to removal after the prerequisites for removal under § 1819(b)(2)(B) are met).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7164-GHK (AJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | *Babak Nassirpour, et al. v. F.D.I.C. As Receiver For Indymac Bank, FSB., et al.* | | |

Plaintiffs can never satisfy the first prong of the state law exception because IndyMac was not a California insured depository institution; it was a federally chartered savings bank. The FDIC was not appointed as receiver for IndyMac by a California State Agency, but instead by the Office of Thrift Supervision, a federal agency. Because a failure to satisfy even one of the three criteria defeats an objection to removal, Plaintiffs Motion to Remand is **DENIED**.

**II.     Stay Motion**

Title 12 U.S.C. § 1821(d)(12)(A) states that:

In General

After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed--

(i) 45 days, in the case of any conservator; and

(ii) 90 days, in the case of any receiver,

in any judicial action or proceeding to which such institution is or becomes a party.

The 90-day stay provision is designed for the benefit of the FDIC, not the creditor, and it serves a valuable purpose for the FDIC. When the FDIC takes over a failed institution, it also inherits that institution's pending litigation. Because the FDIC is initially unaware of its status with regard to pending litigation, the 90-day stay allows it time to determine its status as defendant. *See Brady Dev. Co. Inc., v. Resolution Trust Corp.*, 14 F.3d 998, 1004 (4th Cir. 1994). Following that determination, the FDIC can initiate the administrative procedures which require it to publish notice to creditors and mandate that the creditors present claims to it pursuant to 20 U.S.C. § 1821(d)(3)(B). *Id.*

Section1821(d)(12)(A) is, at best, inartfully worded and is subject to at least three interpretations: (1) the statute entitles the receiver to a stay lasting 90 days at any time the receiver requests after its appointment (i.e., always); (2) the statute entitles the receiver to a stay whose outer bound is 90 days after the receiver's appointment (no matter when the receiver requests the stay); (3) the statute requires that the receiver request a stay within 90 days after its appointment, but imposes no durational limit on the stay so long as it was timely requested. *See Praxis Props. Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 70 (3rd Cir. 1991).

Because there are three plausible interpretations of § 1821(d)(12)(A) we must look to interpretive aids to help determine a statute's meaning. When a statute does not have a "plain meaning" we may look to other sources to determine legislative intent, such as the statutes legislative history. *United States v. Nadler*, 542 F.3d 713, 717 (9th Cir. 2008); *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1145 (9th Cir. 2007). In analyzing §1821(d)(12)(A), the legislative history of the statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7164-GHK (AJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | *Babak Nassirpour, et al. v. F.D.I.C. As Receiver For Indymac Bank, FSB., et al.* | | |

makes clear that Congress intended to grant the FDIC a stay whose outer bound is 90 days after the FDIC's appointment. According to the House Committee Report on the Financial Institutions Reform Recovery and Enforcement Act of 1989, "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze pending matters and decide how best to proceed." House Report No. 101-54(I). The report also states that the stay enables the FDIC, when acting as receiver, to request a stay of litigation or other similar proceeding for a period of up to 90 days after its appointment." Therefore, the House originally envisioned the 90 day stay as an opportunity for the FDIC as an appointed receiver to analyze all pending matters before it, not as an opportunity to impose a stay whenever the FDIC so chose.

In fact, both the House and Senate versions of the bill originally stated that the FDIC may "request a stay for a period of up to [] days after the appointment of the receiver." *See Praxis Props.*, 947 F.2d at 68. The House and Senate bills differed, however, as to whether the receiver should have 45 or 90 days for the stay. *See* H.R. 1278, § 212(5), 101st Cong., 1st Sess. 97 (June 20, 1989); S. 774, § 212(a), 101st Cong., 1st Sess. 66 (April 19, 1989). When a bill is sent to conference, ordinarily only matters where the houses disagree are before the conferees. Because both the House and Senate agreed that a receiver's right to a stay should be limited to the initial 45 or 90 days after its appointment, the House and Senate conferees were unlikely to jettison that aspect of § 1821(d)(12) in compromising the differences between their Houses' respective versions of the subparagraph. *See Praxis Props.*, 947 F.2d at 70. We therefore agree with the Third Circuit when they held that, "[m]ost likely, the phrase 'after the appointment' was moved to its current ambiguous location at the beginning of the subparagraph only because the conferees elected to use different time limits for receivers and conservators." *Id.* "Attempting to avoid making the statute cumbersome, the conferees unwittingly introduced the current ambiguity." *Id.* Accordingly, the right of a receiver of a failed thrift to stay a judicial action is limited to the initial 90 days after its appointment. If the receiver requests a stay within 90 days of its appointment, it is automatically entitled to such a stay under § 1821(d)(12), but the stay expires no later than 90 days after the appointment. *Id.* at 71; *see also Whatley v. Resolution Trust Corp.*, 32 F.3d 905, 909 & n.18 ("We agree with the analysis of our colleagues on the Third Circuit that the privilege to request a stay must be restricted to the first 90 days after appointment to prevent abuse.")

Were we to follow the FDIC's logic, the FDIC could litigate this case for years and then request a stay for 90 days whenever it pleased. Such an interpretation goes against the very purpose of the stay–to provide the FDIC breathing room to get its bearings after being appointed receiver. Our interpretation of § 1821(d)(12)(A) does not disregard the "becomes a party" language, as the FDIC so contends. If an insured depository institution "becomes a party" in a judicial action or proceeding within 90 days of a receiver being appointed, that receiver could request a stay for a period of up to 90 days from its appointment. For example, if Plaintiffs had brought the present lawsuit on August 10, 2008 (as opposed to September 12, 2008) and the FDIC had substituted itself as a party five days later, the FDIC would have been entitled to a mandatory 55 day stay.

Here, the FDIC was appointed receiver for IndyMac on July 11, 2008. On September 12, 2008 Plaintiffs filed this action against IndyMac in California Superior Court. On October 21, 2008, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7164-GHK (AJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | *Babak Nassirpour, et al. v. F.D.I.C. As Receiver For Indymac Bank, FSB., et al.* | | |

FDIC properly removed the action to this Court and on November 10, 2008, the FDIC brought the Motion to Stay.  Because the FDIC's ability to obtain a stay under §1821(d)(12)(A) ended on October 9, 2008, 90 days after it was appointed as receiver, we **DENY** the FDIC's Motion for Stay.

### III.    Conclusion

Accordingly, Plaintiffs' Motion To Remand Case is hereby **DENIED.**   The FDIC's Motion to Stay Case Pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii) is also **DENIED.**  The FDIC has also filed a Motion to Stay Case Pending Exhaustion of Mandatory Administrative Claims Process noticed to be heard on January 12, 2009 at 9:30 a.m.  Because the FDIC failed to comply with Local Rule 7-3 when bringing this new Motion to Stay, this Motion is hereby **TAKEN OFF CALENDER** and **DENIED without prejudice** to its refiling after a proper meet and confer in accordance with the rule.[1]

**IT IS SO ORDERED.**

                                                                                                    :

Initials of Deputy Clerk     AB for Bea

---

[1] Local Rule 7-3 requires the parties to meet and confer prior to the filing of most motions.  The rule also requires the moving party to include a statement of compliance in the notice of a motion.  The FDIC has failed to include such a statement in the Notice of Motion.